**Frank Earl HENSON, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 89–SC–705–KB.**

Supreme Court of Kentucky.

Nov. 9, 1989.

Frank E. Henson, Newport, for movant.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

Frank E. Henson, of Newport, has filed a motion to be permitted to resign from the Kentucky Bar Association pursuant to SCR 3.480 because of certain charges which are presently pending against him as follows:

In one case, he failed to file a petition for divorce and misrepresented to his client that the action was pending; in a second case, he failed and refused to provide a client with an accounting of current financial statement in an estate in which he was representing a client as Executrix; in a third case, he failed to properly file a petition for divorce and misrepresented to his client that the action was pending when it was not, and in a fourth case, he falsely represented to his client that an insurance settlement had been reached.

Henson has been charged with unprofessional and unethical conduct tending to bring the legal profession into disrepute.

The Kentucky Bar Association has no objection to the resignation under terms of disbarment. It is hereby accepted and it is further ORDERED:

Henson shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his license to practice law.

Henson shall not file an application for reinstatement for a period of five years from the date the court enters an order granting his motion to resign. Notwithstanding the five year period, Henson will not file an application for reinstatement if

there is any outstanding claim or unsatisfied judgment as a result of the activities described in the charges against him.

Any application for reinstatement shall be governed by SCR 3.520, reinstatement and cases of disbarment, or any subsequent amendment to SCR 3.520.

All charges issued by the tribunal and all disciplinary proceedings pending against the movant shall be terminated and the costs are to be paid by him in accordance with SCR 3.450(1) and SCR 3.480(3).

Henson shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Henson shall furnish copies of such letters of notice to the Director of the Kentucky Bar Association. So much of this proceeding as contained in this order shall constitute public record.

All concur.